IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

RICK FITZER, individually and on behalf
of others similarly situated,

    Plaintiff,

vs.

AMERICAN INSTITUTE OF BAKING,
INC., AMERICAN INSTITUTE OF
BAKING INTERNATIONAL, INC. and
EUGENE HATFIELD,

    Defendants.

Civil Action No. CV20090574



## COMPLAINT

COMES NOW, RICK FITZER, on behalf of himself and others similarly situated and files this Complaint as follows:

1. Plaintiff is a resident of Chatham County, Georgia.

2. Defendant, AMERICAN INSTITUTE OF BAKING, INC. (hereinafter referred to as "AIB") and AMERICAN INSTITUTE OF BAKING INTERNATIONAL, INC. (hereinafter referred to as "AIBI") are foreign corporations with their principle place of business being in Manhattan, Kansas.

3. EUGENE HATFIELD is a resident of Houston, Georgia. He is and was at all times relevant an employee of AIBI.

4. Venue and jurisdiction are proper in this Court.

5. AIBI, for a number of years, contracted to inspect Peanut Corporation of America (hereinafter

*Page 1 of 7*

# EXHIBIT A

referred to as "PCA") plants, including the plant at Blakely, Georgia and Plainview, Texas.

6. These plants supplied peanut butter products to Clif Bar & Co. for its products "Clif Bar Assorted Products" and "Clif Bar Luna 24 ct. Variety Pack".

7. These plants supplied peanut butter products for Detour Bars manufactured by Forward Foods, LLC.

8. Plaintiff purchased these products in both Chatham and Glynn counties and ingested them principally in Glynn County.

9. As a result of ingesting these products, Plaintiff contracted salmonella poisoning for which he sought medical attention.

10. In early 2009, Plaintiff received letters noting the products he bought at Sam's Club had been recalled.

11. In 2009, it was noted that the Blakely, Georgia and Plainview, Texas plants of PCA were dirty with rat and bird droppings and were the source of the salmonella poisoning which killed nine people, sickened hundreds of others and caused tens of thousands of people to seek medical check-ups. This recall further caused tens of thousands of people to spend time and expense responding to the recall.

12. When these plants were inspected by AIBI, AIBI absolutely failed to do its job. This allowed these plants to continue to operate as health hazards. Although AIBI's failures were not known in the general public, they were known to major companies such as Nestle and Costco. Nestle and Costco refused to continue using AIBI services because they felt they were inadequate and only served as "eyewash".

13. AIB, a corporation affiliated with AIBI, is responsible for setting out the parameters of the training and work to be done by AIBI inspectors/auditors. The scope of the inspection set out for Eugene Hatfield on the PCA facilities was absolutely deficient. Therefore, AIB is liable to the Plaintiff class for the damages alleged.

14. Eugene Hatfield did a negligent audit of the PCA facility in Blakely, Georgia, therefore he is liable to the Plaintiff class.

15. Plaintiff and other consumers of Clif Bar & Co. and Forward Foods, LLC noted above relied upon the American food system to be safe. AIBI was to be part of that system with its audits and inspections of plants such as the Blakely, Georgia and Plainview, Texas plants of PCA. In fact, AIBI's audits/inspections of these plants were not properly done, allowing unclean conditions to exist while AIBI amazingly gave PCA superior grades.

16. In addition to Plaintiff and other consumers relying on the audits done by AIBI, PCA, Clif Bar & Co. and Forward Foods, LLC also relied on said audits as an assurance that their plant procedures and food systems were safe (in the case of PCA); and, their suppliers' plants were compliant with appropriate procedures (in the case of Clif Bar & Co. And Forward Foods, LLC).

17. Plaintiff brings this action individually and on behalf of others similarly situated pursuant to O.C.G.A. § 23 (b)(1) and (b)(3). The class of individuals Plaintiff seeks to represent is defined as follows:

## CLASS I

*All persons who suffered personal injuries, including death, as a result of ingestion of peanut products produced at the Peanut Corporation of American plants in Blakely, Georgia and Plainview, Texas*

## CLASS II

*All persons who suffered non-personal injury damages such as:*
*a) loss of peanut products purchased because of the recall and costs associated with complying with the recall; and*
*b) medical check-ups for actual and/or suspected ill health effects from the contaminated products*

18. The described Classes are anticipated to consist of several thousand individuals and/or entities and is so numerous as to make it impractical to bring all such persons before the Court.

19. There are questions of law and fact common to the class and they predominate.

20. The questions of fact common to the Classes are at a minimum:

   a. whether the AIBI inspections were appropriately done on the PCA facilities;

   b. whether AIB direction for AIBI inspections was appropriate;

   c. whether Clif Bar & Co., PCA and/or Forward Foods, LLC relied upon the AIBI inspections;

   d. whether PCA relied upon AIBI inspections.

21. The representative Plaintiff will fairly and adequately protect the interests of the classes. The prosecution of separate actions by individual members fo the class would create a risk of inconsistent or varying adjudication with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

22. The prosecution of separate actions by individual members of the class would create a risk of

adjudication with respect to individual members of the classes which would as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or would impede their ability to protect their interests.

23. The questions of law or fact alleged in this Complaint predominate over any questions affecting only individual members.

24. A class action is superior to all other methods for the fair and efficient adjudication of these controversies.

25. The damages suffered by the classes, in the aggregate, will be in excess of 5 million dollars ($5,000,000.00).

26. Maintaining this case as a class action is superior to other available methods for the fair and efficient adjudication of this controversy in light of the fact that:

   a. many of the individual claims of the class members will likely be relatively small;

   b. the relatively small size of many of the individual claims will likely deter the class members from seeking redress separately;

   c. many of the members of the classes will have a relatively minor interest in controlling the prosecution of the case due to the relatively small size of their individual claims;

   d. there is no other litigation currently commenced involving the members of the proposed class;

   e. concentrating all of the claims of the proposed class members in the State Court of Liberty County, Georgia is desirable since many class members will reside Georgia; and

  f.  due to the uniform and consistent nature of Defendant's conduct and the relative ease by which a class member's damages can be calculated, there should be no particular difficulties with managing this case as a class action.

27. The representative of the classes has no claims contrary or antagonistic to the classes.

28. The representative of the classes has engaged and retained counsel competent and experienced in class actions and complex litigation.

## DAMAGES

29. As a result of Defendants' actions, Plaintiff, on behalf of himself and others similarly situated, should be awarded compensatory damages in excess of Five Million Dollars ($5,000,000.00).

30. As a result of Defendants' actions, Plaintiff and the class should be awarded punitive damages to punish Defendants and deter Defendants from similar conduct in the future pursuant to O.C.G.A. § 51-12-5.1.

31. The actions of Defendants constitute bad faith, stubborn litigiousness and/or Defendants have caused Plaintiff and the class unnecessary trouble and expense. Accordingly, pursuant to O.C.G.A. § 13-6-11, Plaintiff and the class are entitled to attorneys' fees and expenses of litigation.

WHEREFORE, Plaintiff prays for the following relief:

  a. That summons and process issue and be served upon Defendant;

  b. For a trial by a jury comprised of twelve persons;

  c. That this Court certify the Plaintiff classes as to his claims pursuant to O.C.G.A. § 9-11-23;

d. That the Plaintiff classes be awarded an appropriate sum to compensate them for their damages as allowed by law;

e. That the Plaintiff classes recover punitive damages in an amount sufficient to punish and deter Defendants;

f. That the Plaintiff classes recover attorneys' fees and all costs of litigation; and

g. For such other and further relief as the Court deems just and proper.

This __2__ day of September, 2009.

Brent J. Savage
Georgia Bar No. 627450

SAVAGE, TURNER, PINSON & KARSMAN
Post Office Box 10600
Savannah, Georgia 31412
(912) 231-1140

Mark Tate
Georgia Bar No. 698820

THE TATE LAW GROUP
Post Office Box 9066
Savannah, Georgia 31412
(912) 234-3030

Jeremy S. McKenzie
Georgia Bar No. 436655

THE TATE LAW GROUP
Post Office Box 9066
Savannah, Georgia 31412
(912) 234-3030

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

RICK FITZER, individually and on behalf
of others similarly situated,

    Plaintiff,

vs.

AMERICAN INSTITUTE OF BAKING,
INC., AMERICAN INSTITUTE OF
BAKING INTERNATIONAL, INC. and
EUGENE HATFIELD,

    Defendants.

Civil Action No. _____

## CERTIFICATION UNDER RULE 3.2

Pursuant to Rule 3.2 of the Georgia Uniform State Court Rule, I hereby certify that this petition-pleading does not involve substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the Judge whom the original action was or is assigned.

This ___ day of September, 2009.

Brent J. Savage
Georgia Bar No. 627450

SAVAGE, TURNER, PINSON & KARSMAN
Post Office Box 10600
Savannah, Georgia 31412
(912) 231-1140

# STATE COURT OF GLYNN COUNTY

**701 H. Street, Suite 104, Brunswick, Georgia 31520**
**Telephone: (912) 554-7325 • Facsimile: (912) 261-3849**

RICK FITZER,

    Plaintiff,

-vs-

AMERICAN INSTITUTE OF BAKING, INC.,
AMERICAN INSTITUTE OF BAKING
INTERNATIONAL, INC. and EUGENE
HATFIELD,

    Defendants.

Civil Action No. _____

## *SUMMONS*

TO THE ABOVE NAMED DEFENDANT:    EUGENE HATFIELD

_____
_____
_____

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorneys, whose name and addresses are:

    Brent J. Savage, Esquire
    Savage, Turner, Pinson & Karsman
    304 East Bay Street
    Savannah, Georgia 31401

    Mark Tate, Esquire
    Jeremy S. McKenzie, Esquire
    The Tate Law Group
    P.O. Box 9066
    Savannah, Georgia 31412

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2009.

**Brenda Boone-Cove, Clerk of Court**
**State Court of Glynn County, Georgia**

By: _____
    Deputy Clerk, State Court of Glynn County Georgia

# STATE COURT OF GLYNN COUNTY

701 H. STREET, SUITE 104, BRUNSWICK, GEORGIA 31520
TELEPHONE: (912) 554-7325 • FACSIMILE: (912) 261-3849

RICK FITZER,

    Plaintiff,

-vs-

AMERICAN INSTITUTE OF BAKING, INC.,
AMERICAN INSTITUTE OF BAKING
INTERNATIONAL, INC. and EUGENE
HATFIELD,

    Defendants.

Civil Action No. _____

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:    AMERICAN INSTITUTE OF BAKING INTERNATIONAL, INC.
C/o Registered Agent: Paul Klover
1213 Bakers Way
Manhattan, Kansas 66505

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorneys, whose name and addresses are:

Brent J. Savage, Esquire
Savage, Turner, Pinson & Karsman
304 East Bay Street
Savannah, Georgia 31401

Mark Tate, Esquire
Jeremy S. McKenzie, Esquire
The Tate Law Group
P.O. Box 9066
Savannah, Georgia 31412

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2009.

**Brenda Boone-Cove, Clerk of Court**
**State Court of Glynn County, Georgia**

By: _____
    Deputy Clerk, State Court of Glynn County Georgia

# STATE COURT OF GLYNN COUNTY

701 H. STREET, SUITE 104, BRUNSWICK, GEORGIA 31520
TELEPHONE: (912) 554-7325 • FACSIMILE: (912) 261-3849

| | |
|---|---|
| RICK FITZER,<br><br>    Plaintiff,<br><br>-vs-<br><br>AMERICAN INSTITUTE OF BAKING, INC.,<br>AMERICAN INSTITUTE OF BAKING<br>INTERNATIONAL, INC. and EUGENE<br>HATFIELD,<br><br>    Defendants. | Civil Action No. _____ |

## *SUMMONS*

TO THE ABOVE NAMED DEFENDANT:    AMERICAN INSTITUTE OF BAKING, INC.
C/o Registered Agent: Paul Klover
1213 Bakers Way
Manhattan, Kansas 66505

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorneys, whose name and addresses are:

Brent J. Savage, Esquire
Savage, Turner, Pinson & Karsman
304 East Bay Street
Savannah, Georgia 31401

Mark Tate, Esquire
Jeremy S. McKenzie, Esquire
The Tate Law Group
P.O. Box 9066
Savannah, Georgia 31412

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2009.

**Brenda Boone-Cove, Clerk of Court
State Court of Glynn County, Georgia**

By:_____
    Deputy Clerk, State Court of Glynn County Georgia