# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

RICK FITZER, individually and \*
on behalf of all others   \*
similarly situated,     \*
           \*
  Plaintiff,      \*
           \*
  vs.          \*  CV 209-169
           \*
AMERICAN INSTITUTE OF BAKING, \*
INC., AIB INTERNATIONAL, INC.,\*
and EUGENE HATFIELD,    \*
           \*
  Defendants.     \*

## ORDER

Plaintiff Rick Fitzer, individually and on behalf of all others similarly situated, filed this action against Defendants American Institute of Baking, Inc. ("AIB"), AIB International, Inc., and Eugene Hatfield after allegedly contracting food poisoning from ingesting salmonella-tainted food products containing peanut butter supplied by the Peanut Corporation of America ("PCA"). Plaintiff alleges that Defendants negligently designed, implemented, and performed substandard food safety audits at PCA plants

in Blakely, Georgia and Plainview, Texas. Presently before the Court is Defendants' Motion to Stay the Case pending completion of the procedures approved by the Bankruptcy Court for the Western District of Virginia for the settlement and distribution of personal injury claims against PCA involving the salmonella outbreak. (Dkt. No. 30.) For the reasons that follow, Defendants' Motion to Stay the Case is **GRANTED**. (Dkt. No. 30.)

**BACKGROUND**

In early 2009, the source of a nationwide salmonella outbreak was traced to peanut butter manufactured and processed at PCA plants in Georgia and Texas. On February 13, 2009, after a massive recall, PCA filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Virginia. As part of the bankruptcy proceedings, the bankruptcy court approved the creation of a $12 million fund to compensate persons bringing personal injury claims against PCA as a result of the salmonella outbreak. A claims settlement and distribution procedure established by that court is presently ongoing. (Dkt. 30 Ex. 1.)

Plaintiff filed this action against Defendants in the State Court of Glynn County, Georgia on September 2, 2009. Defendants removed the case to federal court on November 3, 2009. (Dkt. No. 1.) Defendants now move to stay the proceedings pending completion of the claim settlement and distribution procedures in the PCA bankruptcy. (Dkt. No. 30.) Defendants argue that "[b]ecause the true effect of the PCA Settlement Procedures will not be known until those procedures are completed, this Court should stay all aspects of this case for six months," excluding the limited discovery on the issue of personal jurisdiction authorized pursuant to this Court's January 15, 2010 Order granting Plaintiff's Motion for Jurisdictional Discovery. (Def. Mot. 19-20.)

**DISCUSSION**

The power to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). A district court therefore has broad discretionary authority in

3

determining whether a stay is appropriate. <u>CTI-Container Leasing Corp. v. Uiterwyk Corp.</u>, 685 F.2d 1284, 1288 (11th Cir. 1982); <u>see</u> <u>also</u> <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the case before them."). In making its determination, a court may consider the prudential advantages of a stay, "but must also examine the relative prejudice and hardship worked on each party if a stay is or is not granted." <u>Dise v. Express Marine, Inc.</u>, No. 08-1227, 2008 WL 2163920, at *3 (S.D. Ala. May 19, 2008).

Here, there are practical reasons for granting Defendants' Motion. First, because Plaintiff's putative class action seeks damages for the same personal injury claims that the $12 million PCA bankruptcy settlement fund is designed to compensate, staying the proceedings may help avoid the risk of double recovery. <u>See</u> <u>Wash. Mut. Bank. v. Law Office of Robert Jay Gumenick, P.C.</u>, 561 F. Supp. 2d 410, 412 (S.D.N.Y. 2008) (granting defendant's motion for stay because the damages sought by the plaintiff in that case "overlap[ped] significantly" with those claimed by the plaintiff in a pending bankruptcy proceeding). Second,

4

because distribution of the settlement fund "may affect the composition of [the] putative class," it may ultimately come to bear on the court's class certification decision. Cannon v. GunnAllen Fin., Inc., No. 3:06-0804, 2007 WL 189601, at *8 (M.D. Tenn. Jan. 22, 2007).

Moreover, the Parties have not argued, and the Court does not find, that a stay will unduly prejudice or disadvantage either Party. The case is still at a relatively early stage; the Parties have undertaken only minimal discovery, and no scheduling order or trial date has been entered. Further, staying the proceedings until the completion of the PCA claim settlement and distribution procedures will likely prevent duplicative efforts and discovery costs for both Parties, particularly as those costs and efforts relate to the issue of class certification.

Accordingly, Defendants' Motion to Stay the Case is **GRANTED**. (Dkt. No. 30.) Plaintiff may proceed with the limited discovery on the issue of personal jurisdiction authorized by this Court's January 15, 2010 Order. (Dkt. No. 28.) The Parties are hereby **DIRECTED** to inform the

5

Court of the status of the PCA claim settlement proceedings no later than October 15, 2010.

**SO ORDERED**, this 13th day of May, 2010.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA