**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

RICK FITZER,

    Plaintiff,

v.

AMERICAN INSTITUTE OF BAKING INTERNATIONAL, INC.; and EUGENE HATFIELD,[1]

    Defendants.

CIVIL ACTION NO.: 2:09-cv-169

## O R D E R

On August 9, 2016, the Court issued an Order granting Defendant American Institute of Baking's Motion to Dismiss and denying in part Defendant American Institute of Baking International's and Eugene Hatfield's Motion Regarding Settlement Procedures. (Doc. 63.) This matter now comes before the Court on Plaintiff's Motion for Discovery and Request for Scheduling Order and Defendants' Response to this Motion. (Docs. 64, 65.) For the reasons which follow, the Court **DISMISSES** as moot Plaintiff's Motion for Discovery. Instead, the Court issues the following Order to provide instructions to the parties regarding their discovery obligations and to institute case management proceedings.

**I.  Rule 26(f) Conference**

Federal Rule of Civil Procedure 26(f) requires the parties to confer, develop a proposed discovery plan, and submit a report to this Court. Subsequent to the filing of the report, a

---

[1] It appears that Plaintiff's claims against American Baking Institute were dismissed based on the Court's August 9, 2016, Order and not his claims against American Baking Institute International, Inc., as reflected on the docket of this case.

Scheduling Order must be entered pursuant to Federal Rule of Civil Procedure 16(b). Therefore, the parties shall confer within **fourteen (14) days** of the date of this Order. See L.R. 26.1(a).[2]

During the Rule 26(f) Conference, the parties shall discuss the nature and bases of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, and the scope, type, manner, and costs of discovery. The parties shall also make or arrange for the disclosures required by Rule 26(a)(l), and develop their joint proposed scheduling/discovery plan. These are only the minimum requirements for the meeting. The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The discussion of claims and defenses shall be a substantive, meaningful discussion. In addressing settlement or early resolution of the case, counsel are required to explore the feasibility of alternative dispute resolution not only between themselves, but with their clients as well.

## II.   Rule 26 Report

Within **seven (7) days** after the required conference held pursuant to Rule 26(f), the parties shall submit to the Court a written Report of their Conference that outlines their discovery plan. See L.R. 26.1(b). The Report shall conform to the language and format of Chief Judge Wood's Rule 26(f) Report located on the Court's website www.gas.uscourts.gov under "Forms." The parties should use that Form, as well as this Instruction Order, to guide their discussion at their Rule 26(f) Conference. The parties should work together to prepare this Report, and the deadlines in the Report should be mutually agreeable, with a view to achieving resolution of the case with a minimum of expense and delay. To the extent the parties cannot agree on an item in the Report, they should so indicate on the Report. A party who cannot gain the cooperation of

---

[2] The Rule 26(f) Conference may be held telephonically or in person and should be attended by any unrepresented parties and counsel for any represented parties.

any other party in preparing the Rule 26(f) Report should advise the Court prior to the due date of the Report of the other party's failure to cooperate.

Should any party seek a stay of discovery or of their obligation to file the Rule 26 Report or seek the extension of any other deadline in this case (including an extension of discovery or of a deadline to respond to a motion or file any other pleading), the party should first contact all other parties and determine if the other parties join in, consent to, or oppose the request. When filing the motion for an extension, the party requesting the extension must state in their motion whether the other parties join in, consent to, or oppose the request for a stay or an extension.

### III.    Electronically Stored Information

During the Rule 26(f) Conference, the parties shall specifically discuss the preservation and production of electronically stored information. That discussion shall include, as to each party:

a. What electronic sources and records the party maintains and how the party's electronic data and records are stored;

b. The electronic sources and records each party will search, and the method of search that will be used (including any search terms);

c. The difficulty/ease of retrieving various data and information and who will bear the costs of retrieval and production;

d. The format and media agreed to by the parties for the production of electronically stored information (including any production of meta-data), as well as agreed procedures for such production;

e. The persons most familiar with the party's computer and electronic storage system and the persons who are responsible for preservation of electronically stored information, including any third parties who may have access to or control over any such information;

f. Whether reasonable measures have been implemented to preserve data, including the party's document retention/destruction policy, whether the party has placed a "litigation hold" preventing destruction of potentially relevant records, and whether the issuance of a preservation order is required; and

    g. The extent to which search and disclosure of electronic data should be limited to that which is available in the normal course of business or otherwise and the anticipated scope, cost, and time required for search and disclosure of such information beyond that which is available in the normal course of business.

**IV.    Privileged, Protected, and/or Confidential Information**

During the Rule 26(f) Conference, the parties shall discuss specifically the discovery and production of privileged, protected, and/or confidential information. That discussion shall include:

    a. What methods the parties will employ to assert claims of privilege, protection, or confidentiality, including the form and substance of any privilege logs;

    b. Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly privileged, protected, or confidential information;

    c. Whether reasonable date ranges should be established after which privilege log entries for privileged, protected, or confidential information need not be made;

    d. Whether the parties will request a protective order to prevent the further release of information disclosed in discovery; and

    e. As contemplated by Rule 502(e) of the Federal Rules of Evidence, whether there is a need for the terms of any agreement regarding disclosure of privileged attorney-party communications or confidential work product to be incorporated into a court order, and whether the parties will seek court approval of any such agreement.

**V.    Scheduling Conference**

The Court may hold a Scheduling Conference after receipt of the parties' Rule 26(f) Report and before issuing a Scheduling Order. At that conference, the Court will discuss in detail the parties' proposed discovery plan and scheduling order, as well as any issues the parties raise in their Rule 26(f) Report. This Conference need only be attended by counsel and by any unrepresented parties. The Court requires that lead counsel and any unrepresented parties attend the Scheduling Conference in person but will allow appearance via telephone upon a showing of good cause. The Scheduling Conference should be held no more than twenty (20) days after the submission of the parties' Rule 26 Report.

### VI. Form of Electronic Filings

Documents in their native format such as Word or WordPerfect must be converted into a text-searchable PDF before filing. Most word processing applications allow publishing or converting to PDF within the application. There are also commercial and free PDF converters available for use. Participants should not print and scan electronic documents for submission into CM/ECF. Documents should not be scanned prior to e-filing unless the original documents are unavailable in electronic format or require original signature. Attachments not available in electronic format shall be scanned by the filer into PDF format for electronic submission. The participant is responsible for the legibility of the uploaded image. For assistance with conversion or scanning, contact the CM/ECF Helpdesk at 912-650-4010 or ecf_web@gasd.uscourts.gov.

### VII. Resolution of Discovery Disputes

It is hereby ORDERED that the following steps be undertaken by all parties prior to the filing of any discovery motions including, but not limited to, a motion to compel, motion to quash, motion for a protective order, or motion for sanctions.

1. The parties are strongly encouraged to informally resolve all discovery issues and disputes without the necessity of Court intervention. In that regard, the parties are first required to confer and fully comply with Rules 26(c)(1) and 37(a)(2) of the Federal Rules of Civil Procedure and Local Rule 26.5 by undertaking a sincere, good faith effort to try to resolve all differences without Court action or intervention.

2. In the event that reasonable, good faith efforts have been made by all parties to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve

the discovery dispute <u>prior to</u> the filing of any motions.[3] The parties shall exhaust the first two steps of the process before any motions, briefs, memoranda of law, exhibits, deposition transcripts, or any other discovery materials are filed with the Court.

3. If the dispute still cannot be resolved following a telephonic conference with the Magistrate Judge, then the Court will entertain a discovery motion. In connection with the filing of any such motions, the moving party shall submit the appropriate certifications to the Court, as required by Federal Rules of Civil Procedure Rules 26(c)(1) and 37(a)(2).

4. The Court will refuse to hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute <u>and</u> have strictly complied with all of the above-identified steps. A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result in an award of costs and reasonable attorney's fees.

## **CONCLUSION**

Plaintiff's counsel shall ensure that a copy of this Order is served upon all parties without delay. The Court **DISMISSES** as moot Plaintiff's Motion for Discovery.

**SO ORDERED**, this 21st day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The parties may schedule such a conference by contacting the Magistrate Judge's Courtroom Deputy Clerk.